# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| KATHLEEN TRIBBLE,<br>     Plaintiff | Case No. 1:03-cv-403 |
| vs | |
| JOHNNY LEE GRAHAM, et al.,<br>     Defendants | **REPORT AND RECOMMENDATION**<br>(Watson, J.; Hogan, M.J.) |

On May 26, 2005, the Court ordered plaintiff to advise the Court of her current address and to show cause in writing within fifteen (15) days why the Court should not dismiss this case with prejudice for lack of prosecution. (Doc. 112).  The Court's show cause order was sent by certified mail to plaintiff's last known address and to her mother's address, where she had previously received mail from the Court. (Doc. 112, attachment 1).  On June 6, 2005, the certified mail sent to plaintiff's last known address was returned as "undeliverable." (Doc. 113). To date, more than fifteen days later, plaintiff has failed to either advise the Court of her current address or to respond to the show cause order.  For the reasons that follow, the Court recommends that plaintiff's case be dismissed with prejudice.

In its show cause order, the Court noted that plaintiff's failure to file a response to pending motions for summary judgment, to maintain contact with her lawyers, and to obtain replacement counsel following former counsel's motion to withdraw from this case evidences a lack of interest in proceeding with this matter.  The specific instances are as follows.  On April 5, 2005, the Court granted plaintiff an extension of time of thirty (30) days to respond to defendant Clermont County's motion for summary judgment on plaintiff's first cause of action (Doc. 104) and to defendants Rodenberg, Willis, Priede, Combs, Lang, Clermont County, and the Clermont

County Jail's motion for summary judgment on plaintiff's seventh cause of action (Doc. 105). *See* Doc. 108. The Court notified plaintiff that any further failure to prosecute her case may result in sanctions, including dismissal. To date, plaintiff has failed to file a response to the above motions.

On April 1, 2005, defendant McIntosh filed a motion for summary judgment as to all claims alleged against him. (Doc. 106). To date, plaintiff has failed to respond to this motion as well.

A review of documents filed by plaintiff's former counsel indicates that plaintiff could not be located at her last known address and that attempts to contact plaintiff through her mother at her mother's home, cell, and work telephone numbers have gone unanswered. (Doc. 95). Subsequently, plaintiff contacted her former attorneys from the Campbell County, Kentucky jail in March 2005 where she was being held on a warrant from the Hamilton County, Ohio Municipal Court. (Doc. 100). The Court was later notified that plaintiff failed to attend several meetings with potential replacement counsel and, as of April 5, 2005, had not obtained replacement counsel in this matter. (Doc. 108).

Plaintiff's actions in this matter show a clear lack of interest in prosecuting her case. The Court notes that in addition to the above motions for summary judgment several other dispositive motions are pending before the Court. *See* Docs. 41, 44, 46, 47, 48. In an effort to conserve judicial resources, the Court stayed its ruling on such motions until plaintiff advised the Court that she intends to prosecute this action. (Doc. 112). Plaintiff has failed to do so.

Plaintiff's failure to prosecute this matter warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts

have this power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan*, 951 F.2d at 109. A dismissal pursuant to Rule 41(b) may be with prejudice if the party receives notice and the trial court finds bad faith or contumacious conduct. *Knoll v. AT & T Co.*, 176 F.3d 359, 363-64 (6th Cir. 1999). Where, as here, plaintiff repeatedly fails to respond to pending dispositive motions, fails to respond to Court orders, and fails to apprise the Court of her whereabouts, a finding that plaintiff has engaged in contumacious conduct is warranted. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Accordingly, dismissal of this action with prejudice is appropriate.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's case be **DISMISSED** with prejudice for lack of prosecution and this matter be terminated on the docket of the Court.


Date:   6/15/2005                             s/Timothy S. Hogan
                                             Timothy S. Hogan
                                             United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

KATHLEEN TRIBBLE,                      Case No. 1:03-cv-403
      Plaintiff

  vs

JOHNNY LEE GRAHAM, et al.,
      Defendants                      (Watson, J.; Hogan, M.J.)


**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

1:03cv403 doc.# 114

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Kathleen Tribble<br>c/o Peggy Tribble<br>1200 E. Locust Corner Rd<br>Cincinnati, Ohio 45245 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7004 0750 0003 9306 0486 |
| PS Form 3811, February 2004  Domestic Return Receipt | 102595-02-M-1540 |

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Kathleen Tribble<br>3917 Yearling Court<br>Cinti, Ohio 45211 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7004 0750 0003 9306 0479 |
| PS Form 3811, February 2004  Domestic Return Receipt | 102595-02-M-1540 |